IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYANT BERNARD CHAMBERS, #1266904, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:07-CV-1134-D |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Wynne Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: On April 11, 2003, Petitioner pled guilty pursuant to a plea bargain agreement to the offense of theft enhanced by two prior convictions in Criminal District Court No. 4 of Dallas County, Texas, in Cause No. F02-56438. (Petition (Pet.) at 1 and Attachment (Attach.) I). The trial court accepted the plea, found Petitioner guilty of the charged offense, and

assessed punishment at ten years confinement in TDCJ. (Attach. I). Petitioner's ten-year term of confinement, however, was suspended and Petitioner was placed on probation for five years. Petitioner did not appeal. (*Id.*).[1] Thereafter, the state filed a motion to revoke the probation. On October 22, 2004, the trial court revoked Petitioner's probation and sentenced him to a ten-year term of imprisonment in TDCJ. (*Id.*).

On May 16, 2006, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, in the trial court, challenging his ten-year sentence. *See* No. W02-56438A (Attach. I). On August 9, 2006, the Texas Court of Criminal Appeals (TCCA) denied the state application without written order. *Ex parte Chambers*, WR-65,162-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=244409 (docket sheet information generated Jun. 28, 2007) (Official internet site of the Texas Court of Criminal Appeals).

He filed his § 2254 petition on June 21, 2007 - the date on which he signed it and presumably placed it in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in

---

[1] It is unclear whether Petitioner waived his right to appeal his conviction and sentence as part of his guilty plea. Nevertheless, whether he waived his appeal right or not is irrelevant to the disposition of this case.

process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under subparagraph (B) that prevented him from timely raising his ground for relief. Nor does he base his ground on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds for relief became known prior to the date on which Petitioner's probation became final. Therefore, the Court calculates the one-year statute of limitations from the date Petitioner's straight probation became final. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 431 (2006), and *cert. denied*, *Beck v. Quarterman*, 127 S. Ct. 548 (2006), the Fifth Circuit held that

---

[2] On June 28, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain whether his case was barred by the limitations period or whether the statute of limitations should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order on July 13, 2007, reiterating the underlying claims at issue in this case, but failing to address the timeliness of his federal petition.

3

an order of deferred adjudication probation or straight probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. Relying on *Manuel v. State*, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999), the court concluded that a defendant placed on "regular" or "straight" probation/community supervision may raise issues relating to his underlying conviction only in appeals taken when community supervision is originally imposed. The Circuit noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Caldwell*, 429 F.3d at 530 (quoting Tex. R. App. P. 26.2(a)(1).

Applying *Caldwell*'s holding to this case, Petitioner's straight probation became final for purposes of § 2244(d)(1)(A) on May 11, 2003, thirty days after he pleaded guilty and the trial court placed him on straight probation. Thus, the limitations period expired one year later on May 11, 2004.

Petitioner filed this federal habeas petition on June 21, 2007, more than three years after the one-year limitations period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, Petitioner's art. 11.07 application -- filed on May 16, 2006, and denied on August 9, 2006 -- was not pending in state court during the one-year period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state habeas application is filed after the federal limitation period has expired). Therefore, Petitioner's claim challenging his ten-year sentence imposed after the acceptance of his guilty plea is time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-

4

31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

It is unsurprising that Petitioner took no action to raise the claims related to his ten-year sentence prior to the revocation of his five-year term of probation. By any standard he had obtained a very favorable disposition of the criminal charge in obtaining a probated sentence despite the offense charged and his prior convictions.

Even if Petitioner was unaware of his appeal rights stemming from the order placing him on straight probation, this is insufficient to warrant application of equitable tolling. Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher*, 174 F.3d 710, 714 (5th Cir. 1999) ("Ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed the filing of his art. 11.07 application by more than two years after the expiration of the one-year period. Following the denial of his art. 11.07 application, he waited an additional ten and one-half months before submitting the federal petition for filing. These delays – clearly of Petitioner's

own making – do not evince due diligence. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d 710, 715. Therefore, Petitioner is not entitled to equitable tolling and the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 24th day of January, 2008.

                                                WM. F. SANDERSON, JR.
                                                UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**